[No. 5436.    Decided April 10, 1905.]

CHARLES A. LONG *et al., Respondents,* v. OLIVE M. LONG, *Appellant.*[1]

APPEAL AND ERROR—REVIEW OF FINDINGS—DIVORCE—CONFLICT-
ING EVIDENCE. A decree of divorce on the ground that the wife
deserted the husband will not be reversed on appeal on the
ground that such desertion was justified by cruel treatment,
where the testimony was conflicting and the trial court had the
advantage of the personal presence of the parties and the wit-
nesses, and the finding is not clearly against the weight of the
evidence.

Appeal from a judgment of the superior court for Gar-
field county, C. F. Miller, J., entered April 18, 1904,
upon findings in favor of the plaintiff, granting a divorce.
Affirmed.

*Tolman & Kimball,* for appellant.

*W. A. Garber* and *Gose & Kuykendall,* for respondents.

ROOT, J.—Respondent Charles A. Long commenced this
action to secure a divorce from the appellant, who filed a
cross-complaint making W. O. Long, a brother of plaintiff,
also a party, and asking for a decree of divorce in her
favor, and for certain relief with regard to property
rights. It appears that, some time prior to the com-
mencement of this action, appellant and plaintiff entered
into a written agreement, wherein and .whereby they di-
vided all of their property, and made appropriate convey-
ances of the respective portions each to the other. In her
cross-complaint appellant alleges that, at the time of the
execution of said agreement, she was in ill health, and
mentally incapable of transacting business, or of appre-

1Reported in 80 Pac. 432.

ciating the import of what she was then doing, and that, while so incapacitated, she was induced to enter into said agreement and execute said conveyances by means of a conspiracy, entered into by her legal adviser and her husband, to deceive and mislead her. It is admitted that appellant abandoned her husband; and his cause of action is based upon this ground solely, as was the decree of the trial court. Appellant contends that she was justified in deserting plaintiff on account of his conduct toward her. It is not alleged that he was guilty of any cruelty toward her physically; but it is alleged that he was guilty of constant fault-finding, "nagging," criticizing, and scolding, and was disagreeable and inconsiderate toward appellant; that he was eccentric, changeable in his thoughts and actions, and not a good manager of their property and business affairs. In her cross-complaint appellant asks to have the said agreement between herself and plaintiff, and the conveyances made thereunder, declared to be null and void. She also asks to have certain assignments of contracts for railroad land, made by plaintiff to his brother, W. O. Long, declared to be null and void.

The evidence as to the treatment of appellant by the plaintiff is more or less contradictory. Some of the children of the parties, as well as some other witnesses, gave testimony supporting the allegations of the appellant as to the inconsiderate treatment of appellant by plaintiff, and as to his fault-finding and "nagging" proclivities. Other witnesses, with excellent opportunities for knowing the conditions obtaining in the family, testified that they had never observed any such conduct, but that plaintiff seemed to be a good husband and loving father, and to provide and care for his wife and family in a proper manner. As to the condition of appellant's health, there was some conflict in the evidence; but there was little, if any,

evidence to indicate that she was incapable of fully under-
standing what she was doing when she entered into the
agreement with her husband for the division of the prop-
erty. It is undisputed that the proposition to divide the
property came from her, and the agreement was the con-
summation of negotiations extending over a period of
several months. There was nothing sudden or unexpected
about it, and nothing to have prevented appellant from
consulting with the other members of the family, and with
any friends with whom she may have desired to confer.

The record fails to disclose any evidence whatever in
support of the allegation of conspiracy between appellant's
legal adviser and her husband to bring about the division
of the property, or to in any way prejudice her rights in
the matter. The aspersions cast upon the attorney in
question find no justification whatever in the record. The
evidence was insufficient to require the trial court to nulli-
fy the agreement made between plaintiff and appellant.
This being true, and it being conceded that appellant
abandoned plaintiff, we have only to consider the question
of whether or not his conduct toward her justified such
abandonment. The evidence upon this point being con-
flicting, we would not be disposed to disturb the findings
of the trial court unless the same were clearly against
the weight of the evidence. An examination of all of the
evidence fails to justify such a conclusion. The trial
court not only had before it the same evidence which
we have, but had the advantage of the personal pres-
ence of the parties, and of many of their witnesses, and
was in a position to observe their appearance, conduct, and
manner of testifying—all of which afford material assist-
ance in weighing testimony.

It not appearing that any error occurred in the trial of
the cause, the judgment and decree of the lower court is

affirmed.   Costs on appeal will not be allowed to either party.

MOUNT, C. J., DUNBAR, RUDKIN, and CROW, JJ., concur.

HADLEY and FULLERTON, JJ., took no part.